# LONDON & MEAD
## Attorneys At Law

1225 19th Street, N.W.  
Suite 320  
Washington, DC 20036

Telephone (202) 331-3334 Ex. 202  
Telefax (202) 785-4280  
cmead@londonandmead.com

February 9, 2017

<u>By ECF</u>

The Honorable Joan M. Azrack  
United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

Re: <u>United States v. Tibor Klein, et al</u>., Criminal Docket No. 16-442 (JMA)

Dear Judge Azrack:

We submit this response to the government's motion in limine to preclude emails authored by our client, Robert Schulman, in response to a FINRA inquiry. ("Govt Motion" Dkt. 60). We vigorously dispute the government's characterization that those emails are "self-serving exculpatory statements." Govt Motion at 1. As I explained during oral argument, we contend that those emails are exculpatory, contemporaneous proof that Rob Schulman did not know (and thus did not intend) that Tibor Klein had traded in King stock on his behalf.

Frankly, we had always understood that we would have to introduce those emails through Rob Schulman in the event he were to testify, although we reserve the right to introduce them through another witness if appropriate. The government has confirmed in email correspondence that it contends that the FINRA emails would be inadmissible even in the event that Schulman testified.

We contend that the emails would be admissible during Schulman's testimony under FRE 803(3) as "[a] statement of the declarant's then-existing state of mind." We also believe that the government's cross-examination could open the door to using those emails to rehabilitate attacks on Schulman's credibility. We recognize that such use would raise issues about the use of prior consistent statements, and the timing of any alleged motivation to fabricate. *See discussion in United States v. Pierre,* 781 F.2d 329, 330, 330-32 (2d Cir. 1986)("The law of our Circuit concerning the permissible use of a prior consistent statement is not exactly a seamless web.")

Because application of these evidentiary rules would involve a fact-specific inquiry in the context of Schulman's testimony and arguments at trial by both sides, we believe that the Court should defer ruling on the admissibility of the FINRA emails until the issue arises at trial. We

commit to the Court that we will raise any intended use of these emails to the Court outside the presence of the jury before using them during argument or witness examinations.

Respectfully submitted,

_____/s/_____
Christopher B. Mead

cc: All Counsel (by ECF)